IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PAULA CLAYTON MOWLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:16-cv-281 |
| | § | |
| NEW YORK LIFE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF STATE COURT DOCUMENTS

Defendant American Heritage Life Insurance Company submits the index of state

court documents as follows:

| **Document** | | **Date Filed** |
|---|---|---|
| A. | Docket Sheet | 04/19/2016 |
| B. | Plaintiff's Original Petition | 03/15/2016 |
| C. | Service of Process Transmittal with Petition and Citation as served on Defendant | 03/31/2016 |
| D. | Citation Return | 04/01/2016 |
| E. | Defendant's Original Answer | 04/21/2016 |

Dated: April 21, 2016                    Respectfully submitted,


By: /s/ Andrew G. Jubinsky
        Andrew G. Jubinsky
        Texas Bar No. 11043000
        andy.jubinsky@figdav.com
        Daniel M. Branum
        Texas Bar No. 24064496
        dan.branum@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on April 21, 2016.

**Via CMRRR:**
G. Craig Hubble
gcraighubble@gmail.com
The Hubble Law Firm, P.L.L.C.
301 W. Abram Street
Arlington, TX 76010


/s/ Andrew G. Jubinsky
Andrew G. Jubinsky



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | | | **4/19/16 10:09 AM** |

| Cause Number: | 067-284370-16 | | Date Filed: 03-15-2016 |

PAULA CLAYTON MOWLES | VS | NEW YORK LIFE INSURANCE COMPANY

Cause of Action:     OTHER CIVIL, OTHER

Case Status:     PENDING

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 03-15-2016 | PLTF'S ORIG PET | N | 284.00 | |
| | | I | | |
| 03-15-2016 | COURT COST (PAID) trans #1 | Y | | 284.00 |
| 03-15-2016 | CIVIL INFO SHEET | | | 0.00 |
| 03-15-2016 | COPIES - ELECTRONIC (SENT DOC PROD) | N | 1.40 | |
| 03-15-2016 | COURT COST (PAID) trans #4 | Y | | 1.40 |
| 03-15-2016 | CIT-ISSUED ON NEW YORK LIFE INSURANCE COMPANY-On 03/16/2016 | N   Svc | 8.00 | |
| 03-15-2016 | COURT COST (PAID) trans #6 | Y | | 8.00 |
| 03-15-2016 | E-FILE TRANSACTION FEE | N | 2.00 | |
| 03-15-2016 | COURT COST (PAID) trans #8 | Y | | 2.00 |
| 04-01-2016 | CIT Tr# 6 RET EXEC(NEW YORK LIFE INSURANCE COMPANY ) On 03/31/2016 | I | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster



FILED
TARRANT COUNTY
3/15/2016 2:57:11 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. _____  067-284370-16

| | |
|---|---|
| **PAULA CLAYTON MOWLES,**<br>**Plaintiff,**<br>v.<br>**NEW YORK LIFE INSURANCE COMPANY,**<br>**Defendant.** | **IN THE DISTRICT COURT**<br><br>**_____ JUDICIAL DISTRICT**<br><br>**TARRANT COUNTY, TEXAS** |



EXHIBIT
B

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

PAULA CLAYTON MOWLES, the plaintiff, complains of NEW YORK LIFE INSURANCE COMPANY, the defendant, and for cause of action shows:

### 1. Selection of Discovery Level

The plaintiff affirmatively pleads that she seeks monetary relief in excess of $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees, so that this action is not subject to the expedited actions process of _Civil Procedure Rule 169_ and discovery should therefore be conducted under Level 3, _Civil Procedure Rule 190_.

### 2. Parties and Service of Citation

The plaintiff is an individual residing in Tarrant County, Texas]. The defendant, NEW YORK LIFE INSURANCE COMPANY, is a life insurance company duly formed and existing under the laws of the State of New York. Said Defendant does business in the State of Texas and has agents located in Tarrant County, Texas. Citation may be served upon Defendant's registered agent for service, CT CORPORATION SYSTEM, 350 North Saint Paul Street, Dallas, TX 75201.

### 3. Relationship of Parties

On or about May 27, 2014, the defendant issued a "policy of life insurance written contract" insuring the life of John Jenkins, being Contract No. A7519949 (now referred to by Claim No. LC-230061), pursuant to which Defendant, in exchange for payment of the agreed insurance premium, obligated itself to pay $50,000.00 to Plaintiff, the named beneficiary, in the event of the death of John Jenkins.

### 4. Defendant's Breach of Contract

John Jenkins died on January 21, 2015 due to lung cancer – a condition which had never been diagnosed or treated before the application for the life insurance policy in question was submitted. Nevertheless, despite notice and demand for payment, Defendant, without justification, has failed and refused to perform its obligation under the life insurance contract in question to pay the sum of $50,000.00 to Plaintiff. Such failure is a breach of the contract, for which Plaintiff here sues.

## 5. Deceptive Trade Practices

Defendant has given purported reasons for its denial of the claim in question. Specifically, Defendant has claimed that the claim was denied because the insured, John Jenkins, failed to disclose on his application certain medical conditions he has been diagnosed with and certain medications he had been prescribed. Nevertheless, on at least one prior occasion, John Jenkins had disclosed the same or similar medical conditions to the Defendant and had disclosed the same or similar prescribed medications to the Defendant. On those prior occasions, Defendant had approved the applications for life insurance. On information and belief, Plaintiff will show that the Defendant routinely approves applications for life insurance without any investigation and then, after the death of the insured, conducts an investigation for the purpose of finding grounds to refuse payment of the amount of the insurance.

Defendant:

1.      In violation of Section 64.060, Texas Insurance Code, Defendant engaged in an unfair method of competition or an unfair or deceptive act of practice in the business of insurance by engaging in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

    a.      misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    b.      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    c.      failing to disclose to the insured the consequences of failing to list all medication and all medical conditions on the application in question

    d.      failing to disclose to the insured the necessity of listing all medications and all medical conditions on an application even if such conditions and medications had previously been disclosed to the Defendant.

2.      In violation of Section 17.50, Texas Business and Commerce Code, Defendant engaged in deceptive acts or practices by:

    a.      misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

    b.      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    c.      failing to disclose to the insured the consequences of failing to list all medication and all medical conditions on the application in question

    d.      failing to disclose to the insured the necessity of listing all medications and all medical conditions on an application even if such conditions and medications had previously been disclosed to the Defendant.

    e.      Generally engaging in an unconscionable action or course of action by routinely approving applications for life insurance without any investigation and then, after the death of the insured, conducting an investigation for the purpose of finding grounds to refuse payment of the amount of the insurance provided for by the life insurance contract. In so doing, Defendant has failed to consistently follow objective underwriting guidelines both before and after issuance of the life insurance policy in question.

3.      As a result of the foregoing violations of the Texas Business and Commerce Code and the Texas Insurance Code, Plaintiff suffered actual damages in the amount of $50.000.00, plus attorney fees.

4.      The conduct of the defendant as described in this petition was committed knowingly. The defendant was actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which plaintiff complains. Accordingly, the defendant is liable to plaintiff for actual damages suffered by the plaintiff and additional damages of up to three times the amount of economic damages as permitted by the Deceptive Trade Practices—Consumer Protection Act.

## 6. Declaratory Judgment

Plaintiff request the Court to render a Declaratory Judgment under the provisions of the Texas Uniform Declaratory Judgments Act, Sections 37.001, et.seq., Texas Civil Practice & Remedies Code. Plaintiff requests the Court to declare the rights of the parties under the terms and provisions of the life insurance contract and, specifically, to make a determination that, under the circumstances of this case, Plaintiff is entitled to recover the sum of $50,000.00 under the terms of the policy in question.

## 7. Damages

As a result of the defendant's breach of the agreement, as set out in in the preceding paragraphs of this petition, the plaintiff has sustained financial harm and has lost the benefits expected to be received from the contract if the defendant had performed as promised, in the amount of $50,000.00. The plaintiff asks for judgment against the defendant for damages in the amount of $50,000.00.

## 8. Attorney's Fees

The plaintiff is entitled to recover, and here sues for, reasonable attorney's fees for the preparation and prosecution of this suit for trial and for each level of appeal from any judgment rendered in this Court or any appellate court. This is a claim on a written contract within the meaning of _Texas Civil Practice and Remedies Code Section 38.001_. The plaintiff perfected her right to fees under this statute in that the plaintiff presented a claim for payment on the contract to the defendant. The claim was made by several letters mailed to the defendant more than thirty (30) days before the date this suit is filed. More than 30 days have elapsed since the defendant received the letter, and payment for the just amount owed has not been tendered by the defendant.

Further, Plaintiff is entitled to recover such fees under the applicable provisions of the Texas Deceptive Trade Practice Act.

Further, Plaintiff is entitled to recover attorney fees under Section 37.009, Civil Practice & Remedies Code.

The plaintiff has been required to retain the services of counsel to prosecute this action. The sum of $15,000.00 is a reasonable sum for the prosecution of this action to judgment. In the event of an appeal to the court of appeals, a further sum of $7,500.00 would be a reasonable attorney's fee. In the event of a further appeal to the Texas Supreme Court, a further sum of $7,500.00 would be a reasonable attorney's fee.

## 8. Performance of Conditions

All conditions precedent for filing of this suit and for recovery of the relief sought herein have been performed or have occurred.

## PRAYER

WHEREFORE, the plaintiff requests that the defendant be cited to appear and answer, and that, on final trial, the plaintiff have and recover judgment against the defendant as follows:

1.   General damages in the amount of $50,000.00.

2.   Prejudgment interest as provided by law.

3.   Treble damages under the DTPA;

4.   Attorney's fees.

4.   Postjudgment interest as provided by law.

5.   Costs of suit.

6.   Such other and further relief to which the plaintiff may be entitled.


Respectfully submitted,


G. Craig Hubble
Attorney for the Plaintiff
State Bar No. 10144600

The Hubble Law Firm, PLLC
301 W. Abram Street
Arlington, TX 76010
Ph. 817-265-7771
Fax 817-861-9008
Email: gcraighubble@gmail.com

**CT** Corporation

**Service of Process Transmittal**
03/31/2016
CT Log Number 528913680

**TO:**    Robert Karmen
New York Life Insurance Company
51 Madison Avenue, 10th Floor
New York, NY 10010

**RE:**    **Process Served in Texas**

**FOR:**   New York Life Insurance Company  (Domestic State: NY)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PAULA CLAYTON MOWLES, Pltf. vs. NEW YORK LIFE INSURANCE COMPANY, Dft. |
| **DOCUMENT(S) SERVED:** | Citation(s), Petition |
| **COURT/AGENCY:** | 67th Judicial District Court Tarrant County, TX<br>Case # 06728437016 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/31/2016 at 13:35 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or before 10 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service |
| **ATTORNEY(S) / SENDER(S):** | G CRAIG HUBBLE<br>301 W Abram St.<br>Arlington, TX 76010<br>817-265-7771 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 782723087218 |
| | Image SOP |
| | Email Notification,  Joseph Berrafati  joseph_berrafati@newyorklife.com |
| | Email Notification,  Martha Sarnotsky  msarnots@nyl.com |
| | Email Notification,  Antonio Gonzalez  Antonio_Gonzalez@NewYorkLife.Com |
| | Email Notification,  Robert Karmen  robert_karmen@newyorklife.com |
| | Email Notification,  Susan Maisel  susan_maisel@newyorklife.com |
| | Email Notification,  Rose M. Sepulveda  rose_m_sepulveda@newyorklife.com |
| | Email Notification,  Kim M. Smith  kim_m_smith@newyorklife.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900 |

EXHIBIT

**C**

Page 1 of  2 / NM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT Corporation**

**Service of Process
Transmittal**
03/31/2016
CT Log Number 528913680

**TO:**   Robert Karmen
New York Life Insurance Company
51 Madison Avenue, 10th Floor
New York, NY 10010

**RE:**   **Process Served in Texas**

**FOR:**   New York Life Insurance Company  (Domestic State: NY)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**TELEPHONE:**   Dallas, TX 75201-3140
214-932-3601

Page 2 of  2 / NM

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

THE STATE OF TEXAS

**SERVICE COPY**

DISTRICT COURT, TARRANT COUNTY

*CITATION*

*Cause No. 067-284370-16*

PAULA CLAYTON MOWLES
VS.
NEW YORK LIFE INSURANCE COMPANY

## TO: NEW YORK LIFE INSURANCE COMPANY

B/S REG AGENT-CT CORPORATION SYSTEM 350 N ST PAUL ST DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

PAULA CLAYTON MOWLES

Filed in said Court on March 15th, 2016 Against
NEW YORK LIFE INSURANCE COMPANY

For suit, said suit being numbered 067-284370-16 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

**G CRAIG HUBBLE**
Attorney for PAULA CLAYTON MOWLES Phone No. (817)265-7771
Address      301 W ABRAM ST ARLINGTON, TX 76010

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 16th day of March, 2016.

By _____ Deputy
LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                                  _____
County of _____, State of _____

Cause No. 067-284370-16

PAULA CLAYTON MOWLES

     VS.

NEW YORK LIFE INSURANCE
COMPANY

    ISSUED

This 16th day of March, 2016

    Thomas A. Wilder
   Tarrant County District Clerk
     100 N CALHOUN
  FORT WORTH TX 76196-0402

By     LISA LETBETTER Deputy

G CRAIG HUBBLE
Attorney for: PAULA CLAYTON MOWLES
Phone No. (817)265-7771
ADDRESS: 301 W ABRAM ST

   ARLINGTON, TX 76010

*CIVIL LAW*



*06728437016000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**SERVICE COPY**

FILED
TARRANT COUNTY
3/15/2016 2:57:11 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. _____ 067-284370-16

|  |  |
|---|---|
| **PAULA CLAYTON MOWLES,**<br>**Plaintiff,**<br>**v.**<br>**NEW YORK LIFE INSURANCE COMPANY,**<br>**Defendant.** | **IN THE DISTRICT COURT**<br><br>**_____ JUDICIAL DISTRICT**<br><br>**TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE COURT:

PAULA CLAYTON MOWLES, the plaintiff, complains of NEW YORK LIFE INSURANCE COMPANY, the defendant, and for cause of action shows:

### 1. Selection of Discovery Level

The plaintiff affirmatively pleads that she seeks monetary relief in excess of $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees, so that this action is not subject to the expedited actions process of _Civil Procedure Rule 169_ and discovery should therefore be conducted under Level 3, _Civil Procedure Rule 190_.

### 2. Parties and Service of Citation

The plaintiff is an individual residing in Tarrant County, Texas]. The defendant, NEW YORK LIFE INSURANCE COMPANY, is a life insurance company duly formed and existing under the laws of the State of New York. Said Defendant does business in the State of Texas and has agents located in Tarrant County, Texas. Citation may be served upon Defendant's registered agent for service, CT CORPORATION SYSTEM, 350 North Saint Paul Street, Dallas, TX 75201.

### 3. Relationship of Parties

On or about May 27, 2014, the defendant issued a "policy of life insurance written contract" insuring the life of John Jenkins, being Contract No. A7519949 (now referred to by Claim No. LC-230061), pursuant to which Defendant, in exchange for payment of the agreed insurance premium, obligated itself to pay $50,000.00 to Plaintiff, the named beneficiary, in the event of the death of John Jenkins.

### 4. Defendant's Breach of Contract

John Jenkins died on January 21, 2015 due to lung cancer – a condition which had never been diagnosed or treated before the application for the life insurance policy in question was submitted. Nevertheless, despite notice and demand for payment, Defendant, without justification, has failed and refused to perform its obligation under the life insurance contract in question to pay the sum of $50,000.00 to Plaintiff. Such failure is a breach of the contract, for which Plaintiff here sues.

067-284370-16

## 5. Deceptive Trade Practices

Defendant has given purported reasons for its denial of the claim in question. Specifically, Defendant has claimed that the claim was denied because the insured, John Jenkins, failed to disclose on his application certain medical conditions he has been diagnosed with and certain medications he had been prescribed. Nevertheless, on at least one prior occasion, John Jenkins had disclosed the same or similar medical conditions to the Defendant and had disclosed the same or similar prescribed medications to the Defendant. On those prior occasions, Defendant had approved the applications for life insurance. On information and belief, Plaintiff will show that the Defendant routinely approves applications for life insurance without any investigation and then, after the death of the insured, conducts an investigation for the purpose of finding grounds to refuse payment of the amount of the insurance.

Defendant:

1.    In violation of Section 64.060, Texas Insurance Code, Defendant engaged in an unfair method of competition or an unfair or deceptive act of practice in the business of insurance by engaging in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

a.    misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

c.    failing to disclose to the insured the consequences of failing to list all medication and all medical conditions on the application in question

d.    failing to disclose to the insured the necessity of listing all medications and all medical conditions on an application even if such conditions and medications had previously been disclosed to the Defendant.

2.    In violation of Section 17.50, Texas Business and Commerce Code, Defendant engaged in deceptive acts or practices by:

a.    misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

c.    failing to disclose to the insured the consequences of failing to list all medication and all medical conditions on the application in question

d.    failing to disclose to the insured the necessity of listing all medications and all medical conditions on an application even if such conditions and medications had previously been disclosed to the Defendant.

e.    Generally engaging in an unconscionable action or course of action by routinely approving applications for life insurance without any investigation and then, after the death of the insured, conducting an investigation for the purpose of finding grounds to refuse payment of the amount of the insurance provided for by the life insurance contract. In so doing, Defendant has failed to consistently follow objective underwriting guidelines both before and after issuance of the life insurance policy in question.

067-284370-16

3.      As a result of the foregoing violations of the Texas Business and Commerce Code and the Texas Insurance Code, Plaintiff suffered actual damages in the amount of $50.000.00, plus attorney fees.

4.      The conduct of the defendant as described in this petition was committed knowingly. The defendant was actually aware, at the time of the conduct, of the falsity, deception, and unfairness of the conduct about which plaintiff complains. Accordingly, the defendant is liable to plaintiff for actual damages suffered by the plaintiff and additional damages of up to three times the amount of economic damages as permitted by the Deceptive Trade Practices—Consumer Protection Act.

### 6. Declaratory Judgment

Plaintiff request the Court to render a Declaratory Judgment under the provisions of the Texas Uniform Declaratory Judgments Act, Sections 37.001, et.seq., Texas Civil Practice & Remedies Code. Plaintiff requests the Court to declare the rights of the parties under the terms and provisions of the life insurance contract and, specifically, to make a determination that, under the circumstances of this case, Plaintiff is entitled to recover the sum of $50,000.00 under the terms of the policy in question.

### 7. Damages

As a result of the defendant's breach of the agreement, as set out in in the preceding paragraphs of this petition, the plaintiff has sustained financial harm and has lost the benefits expected to be received from the contract if the defendant had performed as promised, in the amount of $50,000.00. The plaintiff asks for judgment against the defendant for damages in the amount of $50,000.00.

### 8. Attorney's Fees

The plaintiff is entitled to recover, and here sues for, reasonable attorney's fees for the preparation and prosecution of this suit for trial and for each level of appeal from any judgment rendered in this Court or any appellate court. This is a claim on a written contract within the meaning of *Texas Civil Practice and Remedies Code Section 38.001*. The plaintiff perfected her right to fees under this statute in that the plaintiff presented a claim for payment on the contract to the defendant. The claim was made by several letters mailed to the defendant more than thirty (30) days before the date this suit is filed. More than 30 days have elapsed since the defendant received the letter, and payment for the just amount owed has not been tendered by the defendant.

Further, Plaintiff is entitled to recover such fees under the applicable provisions of the Texas Deceptive Trade Practice Act.

Further, Plaintiff is entitled to recover attorney fees under Section 37.009, Civil Practice & Remedies Code.

The plaintiff has been required to retain the services of counsel to prosecute this action. The sum of $15,000.00 is a reasonable sum for the prosecution of this action to judgment. In the event of an appeal to the court of appeals, a further sum of $7,500.00 would be a reasonable attorney's fee. In the event of a further appeal to the Texas Supreme Court, a further sum of $7,500.00 would be a reasonable attorney's fee.

067-284370-16

## 8. Performance of Conditions

All conditions precedent for filing of this suit and for recovery of the relief sought herein have been performed or have occurred.

## PRAYER

WHEREFORE, the plaintiff requests that the defendant be cited to appear and answer, and that, on final trial, the plaintiff have and recover judgment against the defendant as follows:

1.  General damages in the amount of $50,000.00.

2.  Prejudgment interest as provided by law.

3.  Treble damages under the DTPA;

4.  Attorney's fees.

4.  Postjudgment interest as provided by law.

5.  Costs of suit.

6.  Such other and further relief to which the plaintiff may be entitled.

Respectfully submitted,

G. Craig Hubble
Attorney for the Plaintiff
State Bar No. 10144600

The Hubble Law Firm, PLLC
301 W. Abram Street
Arlington, TX 76010
Ph. 817-265-7771
Fax 817-861-9008
Email: gcraighubble@gmail.com

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**ORIGINAL**

*CITATION*                          *Cause No. 067-284370-16*

PAULA CLAYTON MOWLES
VS.
NEW YORK LIFE INSURANCE COMPANY

TO: NEW YORK LIFE INSURANCE COMPANY

B/S REG AGENT-CT CORPORATION SYSTEM 350 N ST PAUL ST DALLAS, TX 75201

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

PAULA CLAYTON MOWLES

Filed in said Court on March 15th, 2016 Against
NEW YORK LIFE INSURANCE COMPANY

For suit, said suit being numbered 067-284370-16 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

**G CRAIG HUBBLE**
Attorney for PAULA CLAYTON MOWLES Phone No. (817)265-7771
Address      301 W ABRAM ST ARLINGTON, TX 76010

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 15th day of March, 2016.

By _____ Deputy
LISA LETBETTER

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _29th_ day of _MARCH_ , _2016_ at _3:35_ o'clock _P_ M; and executed at
_1999 BRYAN ST # 900, DALLAS_ in the county of _DALLAS_ , State of _TEXAS_ at _1:35_ o'clock _P_ M
on the _31st_ day of _MARCH_ , _2016_ by delivering to the within named (Defendant) _GREG CT CORPORATION SYSTEM_
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION _REG. AGENT_
, having first endorsed on same the date of delivery. _FOR NEW YORK LIFE INSURANCE COMPANY_

Authorized Person/Constable/Sheriff _____
County of _TARRANT_ State of _TEXAS_ By _____

Fees $ _____
State of _TEXAS_ County of _TARRANT_ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _GREG W. TRESIDDER_ before me this _1st_ day of _APRIL_ , _2016_
to certify which witness my hand and seal of office _Mary R. Griggs_
(Seal)                    County of _TARRANT_ , State of _TX_

MARY R GRIGGS
My Commission Expires
March 24, 2018

**EXHIBIT**
**D**

Cause No. 067-284370-16

PAULA CLAYTON MOWLES

VS.

NEW YORK LIFE INSURANCE
COMPANY

ISSUED

This 16th day of March, 2016

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          LISA LETBETTER Deputy

G CRAIG HUBBLE
Attorney for: PAULA CLAYTON MOWLES
Phone No. (817)265-7771
ADDRESS: 301 W ABRAM ST
     ARLINGTON, TX 76010
*CIVIL LAW*



*0672837016000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**ORIGINAL**

067-284370-16

FILED
TARRANT COUNTY
4/20/2016 9:09:29 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 067-284370-16

| | | |
|---|---|---|
| PAULA CLAYTON MOWLES, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| NEW YORK LIFE INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | 67TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant files its original answer, and states:

## I. GENERAL DENIAL

1.      Subject to such admissions and stipulations as may be made at or before time of trial, Defendant denies generally and specially the material allegations in the Petition, pursuant to TEX. R. CIV. P. 92, and demands strict proof thereof in accordance with the requirements of the laws of this state.

## II. AFFIRMATIVE DEFENSES

2.      No benefits are payable under the subject Group Level Benefit Term Life Insurance Certificate no. A7519949 (the "Certificate"), and the Certificate is void and of no effect, pursuant to TEX. INS. CODE § 705.001, *et seq.*, due to material misrepresentations on the subject application for insurance.

EXHIBIT

**E**

_____

---

**Defendant's Original Answer**                                                                 **Page 1**

3.      Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, ratification, waiver, and/or the economic loss rule.

4.      Plaintiff's claims are barred, in whole or in part, by the failure to mitigate her alleged damages, if any.

5.      Plaintiff's claims are barred, in whole or in part, by any contractual disclaimers, limitations, and exclusion of warranties, reliance, and representations contained in the Certificate.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of proportionate responsibility/comparative responsibility.  Any recovery by Plaintiff must be reduced by a percentage equal to Plaintiff's percentage of responsibility or others in accordance with TEX. CIV. PRAC. & REM. CODE §§ 33.001, 33.003, and/or 33.012.

7.      Every act or statement done or made by Defendant and its officers and employees with reference to Plaintiff was a good faith assertion of Defendant's rights and, therefore, was privileged and/or justified.

8.      Alternatively, Plaintiff's claims are barred, in whole or in part, due to lack of reasonable reliance.

9.      Plaintiff's claims are barred, in whole or in part, as the alleged damages, if any, were proximately caused by an intervening and/or superseding cause, including, but not limited to, the conduct of a party other than Defendant.

10.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment and/or assumption and the risk.

11.     Plaintiff's claims are barred, in whole or part, because they did not survive the death of the insured.

### III. <u>REQUEST FOR RELIEF</u>

12.     Defendant requests the following relief:

(a)     That Plaintiff take nothing by reason of her suit;

(b)     That Defendant be dismissed with its costs; and

(c)     That Defendant have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated: April 20, 2016                    Respectfully submitted,


By:  /s/ Andrew G. Jubinsky
Andrew G. Jubinsky
Texas Bar No. 11043000
andy.jubinsky@figdav.com
Daniel M. Branum
Texas Bar No. 24064496
dan.branum@figdav.com

**FIGARI + DAVENPORT, L.L.P.**
901 Main Street, Suite 3400
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing document has been served on the parties listed below on April 20, 2016.

**<u>Via efile.txcourts.gov</u>:**
G. Craig Hubble
gcraighubble@gmail.com
301 W. Abram Street
Arlington, TX 76010

/s/ Andrew G. Jubinsky
Andrew G. Jubinsky